Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
Deanna K. Hazelton #202821
Senior Staff Attorney
Kristen M. Gates #258698
Staff Attorney
P.O. Box 28950
Fresno, CA  93729-8950
Tel (559) 275-9512
Fax (559) 275-9518

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA FRESNO

| | |
|---|---|
| In re:<br><br>**Patricia Ann Sandoval**<br><br><br><br>Debtor. | Case No.:   13-18074-B-13F<br><br>Chapter 13<br><br>DC NO:     RJR-1<br><br>☒ **CHAPTER 13 TRUSTEE'S OPPOSITION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>☐ **MOTION TO DISMISS CHAPTER 13 CASE**<br><br>☐ **REQUEST FOR BAR DATE**<br><br>DATE:     June 12, 2014<br>TIME:     1:30 PM<br>PLACE:   Dept. B, Courtroom 12<br>              5th Floor<br>              2500 Tulare Street<br>              Fresno, Ca 93721<br><br>JUDGE:  Honorable W. Richard Lee |

| **PLAN OBJECTION INFORMATION** |
|---|
| Trustee  Objects To: 1st Modified Plan<br>Dated: 3/14/14<br>Filed: 3/14/14<br>Docket #: 28 |

| **MOTION TO DISMISS INFORMATION** |
|---|
| ☐ Trustee Seeks to Dismiss the Case     ☒ This is not a Motion to Dismiss<br>**(See II. MOTION TO DISMISS BELOW)** |

1

| CASE INFORMATION |
|---|

| Petition Filed: 12/28/2013 | (Pre Confirmation) 341 Concluded: 4/15/14 |
|---|---|
| Confirmation Deadline: | (Post Confirmation) Last Confirmed Plan: |

## I. OBJECTION

**MICHAEL H. MEYER**, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan filed 3/14/14 on the following grounds:

### (A) CHAPTER 13 PLAN 11 U.S.C. §1322, 1324, 1325 and 1326

☒ **(1)** The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C. §1322(a)]

**Facts: Debtor's plan proposes to pay interest of 89.98% on the Class Two 2005 Tahoe. Due to this outrageously high interest rate, the plan will not fund. In order to fund, the dividend on the Class Two vehicle needs to be $723.18 for months 1-60 and the plan payment will need to increase to $1,806.41 for months 1-60. Unless the Class Two creditor is willing to consent to a lower interest rate in the order confirming plan, Debtor will need to file a new plan or increase the plan payment in order to fund.**

☐ **(2)** The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under §507 of this title. [11 U.S.C. §1322(a)]

**Facts:**

☐ **(3)** The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C. §1322(a)]

**Facts:**

☐ **(4)** The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C. §1322(b)]

**Facts:**

☐ **(5)** The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor(s') principal residence. [11 U.S.C. §1322(b)(2)]

**Facts:**

| |
|---|
| ☐ **(6)** The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor(s) was liquidated under a Chapter 7 of this title on such date. [11 U.S.C. §1325(a)(4)] |
| **Facts:** |
| ☐ **(7)** The Debtor(s) will not be able to make all payments under the plan and comply with the plan. [11 U.S.C. §1325(a)(6)] |
| **Facts:** |
| ☐ **(8)** The Debtor(s) have not paid all domestic support obligations as required by 11 U.S.C. §1325(a)(8). |
| **Facts:** |
| ☐ **(9)** The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9). |
| **Facts:** |
| ☐ **(10)** The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C. §1325(a)(5)(B)(ii)(I)] |
| **Facts:** |
| ☐ **(11)** The plan has not been proposed in good faith [11 U.S.C. §1325(a)(3)] and/or the action of the Debtor(s) in filing the petition was in bad faith. [11 U.S.C. §1325(a)(7)] |
| **Facts:** |
| ☐ **(12)** The plan provides for payments to creditors for a period longer than 5 years. [11 U.S.C. §1322(d)] |
| **Facts:** |
| ☐ **(13)** With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim.  [11 U.S.C. §1325(a)(5)(B)(ii)] |
| **Facts:** |
| ☐ **(14)**  The hearing on plan confirmation was not held within 45 days of the meeting of the creditors as required by 11 USC §1324(b) and/or a plan has not yet been confirmed.  The Trustee requests a bar date to avoid unreasonable delay to payment of creditors. |

| Facts: |
|---|
| ☐ **(15) Other:** |
| Facts: |
|  |

### (B) 11 U.S.C. §1325(b)(1)(B) DISPOSABLE INCOME

☐ **(16)** The plan does not provide for all of Debtor(s') projected disposable income to be applied to unsecured creditors under the plan.

Facts:

### (C) LOCAL RULES

☐ **(17)** The motion is unsupported by a declaration addressing each element of section 1325(a) [Local Rule 9014-1(d)(6)]

Facts:

☐ **(18)** Debtor(s) failed to file, serve and set a motion to value collateral.  [Local Rule 3015-1(j)]

Facts:

☐ **(19)** Debtor(s) failed to utilize Form EDC 3-080 (effective 5/1/12), the standard form Chapter 13 Plan. [Local Rule 3015-1(a)]

Facts:

☐ **(20)** Debtor(s) have not shown compliance with 11 United States Code §1325(a)(1) as to the Additional Provisions portion of the plan.  When the Debtor(s) use the Additional Provisions of the Chapter 13 plan to craft their debtor-creditor relationship to a particular creditor, the Debtor(s) must make an evidentiary showing and file a supporting brief that identifies each such customization and demonstrates compliance with applicable portions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

Facts:

☐ **(21)** The plan provides for the payment of fees in excess of the fixed compensation allowed in Local Bankruptcy Rule 2016-1(c).

Facts:

☐ **(22) Other:**

Facts:

4

| II. MOTION TO DISMISS CHAPTER 13 CASE |
|---|
| The Trustee seeks dismissal of the Chapter 13 Petition on the following grounds: |
| ☐ **(1)** Payments to the Trustee are not current under the Debtor(s) proposed plan. [11 U.S.C. §1307(c)(1), (4) and/or (c) (6)] |
| **Facts:** |
| ☐ **(2)** Unreasonable delay by the Debtor(s) that is prejudicial to creditors. [11 U.S.C. §1307(c)(1)] |
| **Facts:** |
| ☐ **(3)** Failure to file or provide documents to the Trustee as required by 11 U.S.C. §521(a)(1),(3), or (4). [11 U.S.C. §1307(c); 11 U.S.C. §521 |
| **Facts:** |
| ☐ **(4)** Failure to *provide* the Trustee with 2011 State and Federal Tax Return. [11 U.S.C §521(e)(2)(A),(B)] |
| **Facts:** |
| ☐ **(5)** Cause: Failure to *file* tax returns for the year (****). [11 U.S.C §1308(a)] |
| **Facts:** |
| ☐ **(6)** Failure to confirm a Chapter 13 Plan.  11 U.S.C. § [1307(c)(1),(3)] |
| **Facts:** |
| ☐ **(7)** Failure to provide Domestic Support Obligation Checklist required by Local Bankruptcy Rule 3015-1(b) (6) and the Chapter 13 Plan paragraph 5.02. |
| **Facts:** |
| ☐ **(8)** Debtor is ineligible to be a debtor in a Chapter 13 [11 U.S.C. §109(e)] |
| **Facts:** |
| ☐ **(9)** Cause:  Failure to appear at the Meeting of Creditors.  [11 U.S.C. §1307(c)] |
| **Facts:** |

| | |
|---|---|
| ☐ **(10)** Cause: Failure to provide Credit Counseling Certificate. [11 U.S.C. §§ 109(h) and 521(b)] | |
| **Facts:** | |
| ☐ **(11)** Other: | |
| **Facts:** | |

## OTHER DOCUMENTS FILED CONCURRENTLY HEREWITH

☐ Points and Authorities      ☐ Declaration
☐ Other:

## III. TRUSTEE'S RECOMMENDATION/ANALYSIS

| ☒ The current plan **can** be confirmed with the following changes in the Order Confirming Plan: **Increase the plan payment to $1,806.41 and the Class Two dividend to $723.18 for months 1-60 OR have the Class Two creditor consent to a lower interest rate in the order confirming plan.** | ☐ The current plan is not confirmable and a modified plan will be required to be filed and set for hearing. |
|---|---|
| ☐ No confirmable plan can be filed based on the facts of this case. | ☐ A briefing schedule should be set and the parties should file a statement of disputed and undisputed facts. |
| ☐ Other: | ☐ Other: |

**WHEREFORE**, the Trustee requests:

☒ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtor(s)' case be dismissed.

☐ That the Court issue a date by which confirmation is achieved or the case be dismissed on the Trustee's declaration.

☐ Such other and further relief as the Court deems proper.

DATE:  5-28-14

Respectfully Submitted,
/s/ KRISTEN M. GATES
KRISTEN M. GATES, Staff Attorney for
MICHAEL H. MEYER, Chapter 13 Trustee